**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 12-1646**

SHEILA DAVIS,

             Plaintiff - Appellant,

      v.

CITY OF CHARLOTTESVILLE SCHOOL BOARD; WARREN MAWYER,

             Defendants - Appellees.

Appeal from the United States District Court for the Western District of Virginia, at Charlottesville.   Norman K. Moon, Senior District Judge.   (3:11-cv-00026-NKM-BWC)

Submitted:  October 10, 2012      Decided:  November 29, 2012

Before KING, KEENAN, and DIAZ, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

John E. Davidson, DAVIDSON & KITZMAN, PLC, Charlottesville, Virginia, for Appellant.  Richard H. Milnor, ZUNKA, MILNOR & CARTER, LTD., Charlottesville, Virginia; David W. Thomas, MICHIEHAMLETT, PLLC, Charlottesville, Virginia, for Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Sheila Davis appeals the district court's orders dismissing her complaint and denying her motions to amend her complaint and amend the judgment. Davis alleged a sexual harassment claim under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.A. §§ 2000e to 2000e-17 (West 2003 & Supp. 2012), which the district court dismissed pursuant to Fed. R. Civ. P. 12(b)(6), finding that Davis had not alleged any facts that would entitle her to relief. We disagree. We conclude that Davis's complaint stated a plausible claim for relief under Title VII sufficient to survive a Rule 12(b)(6) dismissal. We vacate the district court's judgment and remand for further proceedings.

We review de novo a district court's grant of a motion to dismiss for failure to state a claim under Rule 12(b)(6). Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 179-80 (4th Cir. 2009). To survive such a motion, a complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level," with "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007). "[W]e accept as true all well-pleaded allegations and view the complaint in the light most favorable to the plaintiff." Philips, 572 F.3d at 180. To

2

establish a claim for sexual harassment under Title VII based on the harassment of a coworker, a plaintiff must demonstrate that the conduct was unwelcome, that it was based on gender, that it "was sufficiently severe or pervasive to alter the conditions of her employment and create an abusive work environment," and that it is "imputable to her employer."  Ocheltree v. Scollon Prods., Inc., 335 F.3d 325, 331 (4th Cir. 2003) (en banc) (citations omitted).

In her initial complaint, Davis alleged that she was the subject of an attempted assault of a sexual nature by a coworker, that she reported the incident to a supervisor, and that she then suffered an unwanted intimate touching by the same coworker the following work day.  The facts alleged by Davis, including the physical nature of the harassment, state a plausible claim that the assault was "sufficiently severe or pervasive" to survive review at the pleading stage.  See, e.g., Okoli v. City of Balt., 648 F.3d 216, 221 (4th Cir. 2011) (concluding that plaintiff created question of fact as to severity of harassment); Mosby-Grant v. City of Hagerstown, 630 F.3d 326, 335 (4th Cir. 2010) ("In the Fourth Circuit, the question of whether harassment was sufficiently severe or pervasive is quintessentially a question of fact.") (internal quotation marks and brackets omitted).

Additionally, Davis's complaint plausibly alleged that the conduct was imputable to her employer. "In a case where an employee is sexually harassed by a coworker, the employer may be liable in negligence if it knew or should have known about the harassment and failed to take effective action to stop it." Ocheltree, 335 F.3d at 333-34. Davis alleged that she immediately reported the first incident of harassment to a supervisor and that the harassment occurred again after she brought it to the attention of her employer. Davis thus sufficiently alleged facts that could demonstrate liability on behalf of her employer. See, e.g., E.E.O.C. v. Xerxes Corp., 639 F.3d 658, 671 (4th Cir. 2011) (in racial harassment case, holding that a reasonable juror might conclude that complaints were sufficient to put employer on notice and that employer's response was unreasonable); Spicer v. Commonwealth of Va., 66 F.3d 705, 711 (4th Cir. 1995) ("When presented with the existence of illegal conduct, employers can be required to respond promptly and effectively . . . .").

Accordingly, we conclude that Davis's original complaint was sufficient to state a plausible claim for relief. We therefore vacate the district court's judgment and post-judgment orders and remand for further proceedings not inconsistent with this opinion. We dispense with oral argument

4

because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.

VACATED AND REMANDED